**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GREAT AMERICAN ASSURANCE COMPANY | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 14-350 |
| PAUL SUTTLES; JUNE PERRY; SPECIALIZED TRANSPORTATION AGENT GROUP, INC., and RYDER TRUCK RENTAL, INC. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Defendants. | |

COMES NOW, Great American Assurance Company (hereinafter ōGreat Americanö), by and through the undersigned counsel, and, pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, files this Petition for Declaratory Judgment showing the Court as follows:

**PARTIES**

1.      Plaintiff Great American is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio.

2.      Defendant Paul Suttles (ōSuttlesö) is an individual resident citizen of the State of Rhode Island.

3.      Defendant June Perry (ōPerryö) is an individual resident citizen of the State of Rhode Island.

4.      Defendant Specialized Transportation Agent Group, Inc. (ōSpecializedö) is a corporation organized and existing under the laws of the State of Indiana, with a principal office located in State of Indiana.

5.      Defendant Ryder Truck Rental, Inc. (õRyderö) is a corporation organized and existing under the laws of the State of Florida, with a principal office located in State of Florida.

## JURISDICTION AND VENUE

6.      Great American hereby incorporates by reference and restates as if fully set forth herein the allegations stated in paragraphs 1 through 5.

7.      Jurisdiction in this matter is based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1) and (2) because: (A) there is complete diversity of citizenship between Great American and Defendants Paul Suttles, June Perry, Specialized Transportation Agent Group, Inc., and Ryder Truck Rental, Inc.; and (B) the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.      Venue is properly placed under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this suit occurred in this district.

9.      This Court has the authority to declare the rights and obligations of the parties under the terms and provisions of the insurance policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

10.     Great American does not, by bringing this action, request the assistance or participation of the Defendants in this action.   To the extent that the Defendants wish to participate in this action such participation concerns the assertion or protection of Defendantsø own rights and claim, if any, which rights and claims are adverse to Great American.

## RELEVANT FACTS

### The Underlying Accident

11.     Great American hereby incorporates by reference and restates as if fully set forth herein the allegations stated in paragraphs 1 through 10.

12.     Upon information and belief, on November 5, 2010, Defendants Paul Suttles and June Perry were co-driver employees for Early Trucking, Inc. which had allegedly leased a tractor to Specialized.

13.     The underlying incident is alleged to have occurred while Suttles and Perry were unloading the cargo from a truck that was rented from Ryder by Specialized, during which time the cargo allegedly fell from the liftgate of the Ryder truck.

14.     Perry alleges that she sustained injuries as a result of the negligence of Specialized and Ryder.

15.     On or about October 22, 2012, Perry filed suit in the Superior Court of Providence County, Rhode Island, in an action styled <u>June Perry v. Specialized Transportation Agent Group, Inc. D/B/A Specialized Transportation, Inc., Ryder Truck Rental, Inc., John Doe, Jane Doe and ZYX Company,</u> Case No. PC 12-5451, for damages she allegedly sustained during the incident ("the Complaint").

16.     On or about February 26, 2013, Specialized and Ryder filed a Third-Party Complaint against Suttles for contribution and indemnification ("the Third-Party Complaint"), alleging that Plaintiff's injuries were caused solely, or in part, by the negligence of Perry and Suttles.

17.     Suttles was served with the Third-Party Complaint on March 5, 2103.

18.     On February 25, 2014, through counsel for Perry, Great American first received notice that a claim had been brought against Suttles.

**The Great American Policy**

19.     Great American issued a Business Auto Policy to Early Trucking, Inc. under

Policy No. GTP8927364-01, effective August 1, 2010 (hereinafter õthe Policyö). A copy of the

Policy (with premium information redacted) is attached hereto as Exhibit õAö.

20.     The Policy was delivered to Early Trucking, Inc. at its place of business in

Warrenton, Virginia.

21.     The Policy contained, among others, the following provisions:

**BUSINESSPRO BUSINESS AUTO COVERAGE
FORM DECLARATIONS PAGE**

\*\*\*\*\*

ITEM TWO    SCHEDULE OF COVERAGES AND
COVERED AUTOS

This policy provides only those coverages where a charge is
shown in the premium column below. Each of these
coverages will apply to those autos shown as covered autos.
Autos are shown as covered autos for a particular coverage
by the entry of one or more of the symbols from Item 3. next
to the name of the
Coverage.

| Coverages | Covered Autos | Limit<br>The Most We Will Pay for<br>Any One Accident or Loss | Premium |
|---|---|---|---|
| Liability | 7 | $1,000,000 | $[redacted] |

**BUSINESS AUTO COVERAGE FORM**

\*\*\*\*\*

**SECTION I - COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are
covered "autos" for each of your coverages. The following
numerical symbols describe the "autos" that may be
covered "autos." The symbols entered next to a coverage on

the Declarations designate the only "autos" that are covered "autos."

\*\*\*\*\*

7 = Specifically Described "Autos." Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

\*\*\*\*\*

## SECTION II - LIABILITY COVERAGE

### A. Coverage

We will pay all sums an "Insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

We will also pay all sums an "Insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos." However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident."

We have the right and duty to defend any "Insured" against a "suit" asking for such damages or a "covered pollution cost or expense." However, we have no duty to defend any "Insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

\*\*\*\*\*

1. **Who Is An Insured**

   The following are õinsureds.ö

   a.  You for any covered õauto.ö

   b.  Anyone else while using with your permission a covered õautoö you, own, hire or borrow except:í

      (4) Anyone other than your õemployees,ö partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their õemployeesö, while moving property to or from a covered õauto.ö

      (5) Anyone liable for the conduct of an õinsuredö described above but only to the extent of that liability.

**B. Exclusions**

This insurance does not apply to any of the following:

*****

**2. Contractual**

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

   **a.**  assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

   **b.**  that the "Insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "Insured" or the "Insured's" insurer may be held liable under any workers'

compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a.   an "employee" of the "Insured" arising out of and in the course of:

    **(1)** employment by the "Insured": or

    **(2)** performing the duties related to the conduct of the õInsuredøsö business; or

b.   the spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

    **(1)** whether the "Insured" may be liable as an employer or in any other capacity; and

    **(2)** to any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "Insured" under an "insured contract." For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "Insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

\*\*\*\*\*

**7. Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

**a.**   before it is moved from the place where it is accepted by the "Insured" for movement into or onto the covered "auto," or

**b.**   after it is moved from the covered "auto" to the place where it is finally delivered by the "Insured."ø

**8. Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered õauto.ö

\*\*\*\*\*

**SECTION V – DEFINITIONS**

An ӧinsured contractӧ does not include that part of any contract or agreement:

\*\*\*\*\*

**c.** that holds a person or organization engaged in the business of transporting property by ӧautoӧ for hire harmless for your use of a covered ӧautoӧ over a route or territory that person or organization is authorized to serve by public authority.

\*\*\*\*\*

**N.** ӧSuitӧ means a civil proceeding in which:

1. Damages because of ӧbodily injuryӧ or ӧproperty damageӧ; or

\*\*\*\*\*

22.     Among others, the Virginia Changes - Business Auto Coverage Form in the

Policy contained the following conditions:

For a covered "auto" licensed or principally garaged in Virginia, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** Paragraph **A. Coverage** of **SECTION II – LIABILITY COVERAGE** is replaced by the following:

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
We have the right and duty to defend any "suit" for such damages, even if the "suit" is

Page 9

groundless, false or fraudulent. However, we have no duty to defend "suits" for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

*****

E. Paragraph **B. Exclusions of SECTION** II - **LIABILITY COVERAGE** is amended as follows:

    1. Paragraph **B.4. Employee Indemnification and Employer's Liability Exclusion** is replaced by the following:

    "Bodily injury" to:

      **a.** an "employee" of the "Insured" arising out of and in the course of employment by the "Insured"; or

      **b.** the spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph **a.** above.

    This exclusion applies:

      **(1)** whether the "Insured" may be liable as an employer or in any other capacity; and

      **(2)** to any obligation to share damages with or repay someone else who must pay damages because of the injury. But this exclusion does not apply to "bodily injury" to "employees" not entitled to workers' compensation benefits or to liability assumed by the "Insured" under an "insured contract."

*****

G. **The Business Auto Conditions** of Section **IV** are amended as follows:

*****

2. **Paragraph A.2.b.(3)** of the **Duties in the Event of Accident, Claim or Loss** Condition is replaced by the following:

b. Additionally, you and any other involved "insured" must:

(3) Cooperate with us in the investigation settlement or defense of the claim or "suit." The "Insured" will be deemed not to have cooperated with us only if his or her failure or refusal to do so harms our defense of an action for damages.

23. Among others, the Truckers ó Insurance For Non-Trucking Use endorsement attached to the Policy contained the following conditions:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**TRUCKERS - INSURANCE FOR NON-TRUCKING
USE**

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**SCHEDULE**

**Description of Covered "Auto":**

"See attached schedule form CA 80 03"

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**LIABILITY COVERAGE** for a covered õautoö described in the Schedule is changed as follows:

**1.** The following exclusions are added:

This insurance does not apply to:

**a.** A covered õautoö while used to carry property in any business.

**b.** A covered õautoö while used in the business of anyone to whom the õautoö is rented.

**2.** Who Is An Insured does not include anyone engaged in the business of transporting property by õautoö for hire who is liable for your conduct.

24. The only vehicle on the scheduled on form CA 80 03 was a 2004 Freightliner tractor, serial number M93485.

25. Among others, the conditions section of the Policy contained the following conditions:

## SECTION IV - BUSINESS AUTO CONDITIONS

### A. Loss Conditions

*****

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident," claim, "suit" or "loss," you must give us or our authorized representative prompt notice of the "accident" or "loss." Include:

(1) how, when and where the "accident" or "loss" occurred;

(2) the "Insured's" name and address; And

(3) to the extent possible, the names and addresses of any injured persons and witnesses.

b. Additionally, you and any other involved "Insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the õinsuredøsö own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit."

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suití "

## REQUEST FOR DECLARATORY JUDGMENT

26.     Great American hereby incorporates by reference and restates as if fully set forth herein the allegations stated in paragraphs 1 through 25.

27.     Because the vehicle involved in the incident was not a covered auto, not having been specifically described or scheduled in the Policy, Great American is not obligated to provide further defense and indemnification to Suttles.

28.     Because Suttles was not using a covered auto at the time of the incident, he was not an insured.  To the extent that Suttles could be deemed to have been using a covered auto at the time of the incident, he was not an insured because he would have been in the process of moving property to or from such auto.  Thus, Great American is not obligated to provide further defense and indemnification to Suttles.

29.     Because the insured, Early Trucking, Inc., may be held liable under workersø compensation law, the Policy excludes coverage for the incident.  Thus, Great American is not obligated to provide further defense and indemnification to Suttles.

30.     Because the incident involved alleged bodily injury to an employee of the insured, Early Trucking, Inc., arising out of and in the course of Perrys employment of Early Trucking Inc.s business, , the Policy excludes coverage for the incident.  Thus, Great American is not obligated to provide further defense and indemnification to Suttles.

31.     Because the incident is alleged to have resulted in bodily injury caused by a fellow employee, Perry, in the course of her employment with and while performing duties related to the business of Early Trucking, Inc., the Policy excludes coverage for the incident. Thus, Great American is not obligated to provide further defense and indemnification to Suttles.

32.     Because the incident is alleged to have resulted from the handling of property either (a) before it was moved from a place where it was accepted by Early Trucking, Inc. for movement into a covered auto, or (b) after it was moved from a covered auto to a place where it is finally delivered by Early Trucking., Inc., the Policy excludes coverage for the incident.  Thus, Great American is not obligated to provide further defense and indemnification to Suttles.

33.     Because the incident is alleged to have occurred as a result of movement of property by a mechanical device, the lift gate of the Ryder truck, which was not attached to a covered auto, the Policy excludes coverage for the incident.  Thus, Great American is not obligated to provide further defense and indemnification to Suttles.

34.     Because Great American did not receive prompt notice of the incident, and because Suttles failed to immediately send copies of the Summons and Third-Party Complaint to Great American, there has been a failure of a condition to coverage under the Policy. Thus, Great American is not obligated to provide further defense and indemnification to Suttles.

35.     There is an actual and justiciable controversy between the parties because Suttles contends that he is entitled to a defense and indemnity under the Policy. This controversy is of

such importance and immediacy that Great American is entitled to a judicial declaration regarding its legal rights and obligations to Suttles, if any. Until such time as a judicial declaration is made as to Great American's obligations under the Policy, Great American will be unable to assess ultimate responsibility for the disputed coverage.

## PRAYER FOR RELIEF

WHEREFORE, having alleged the foregoing, Great American respectfully requests that this Court assume jurisdiction over this cause and grant Great American the following:

1. A judicial declaration that Suttles is not an insured under the Policy;

2. A judicial declaration that there has been a failure of a condition of coverage under the Policy for the incident;

3. A judicial declaration that the incident is excluded from coverage under the Policy;

4. A judicial declaration that Great American does not have a duty to defend or indemnify Suttles; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this ___ day of _____, 2014.

> Plaintiff,
> GREAT AMERICAN ASSURANCE COMPANY
> By its attorneys,
> HIGGINS, CAVANAGH & COONEY, LLP
>
>
> /s/ Stephen B. Lang_____
> Stephen B. Lang, Esq., #0145
> 123 Dyer Street
> Providence, RI  02903
> (401) 272-3500
> slang@hcc-law.com